USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

11 Cr. 569 (PAC)

-*against*-

**OPINION & ORDER**

ANGEL DIAZ

*Defendant.*

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Angel Diaz, *pro se*, filed a motion requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court denies the motion.

Diaz cites Amendment 782 to the United States Sentencing Guidelines, which instituted a two-level, retroactive reduction to the Guidelines base offense level for certain categories of drug-related offenses. To be eligible for a sentence reduction pursuant to Section 3582, Diaz's sentence must be "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Diaz's sentence of 120 months in prison, however, is based on two consecutive 60-month statutory minimums mandated by 21 U.S.C. § 841(b)(1)(B) & 846, and 18 U.S.C. 924(c)(1)(A)(i) & (D)(ii). Amendment 782 may have affected Diaz's advisory guidelines range, but it did not alter the statutory minimums that formed the basis of his sentence. Accordingly, Diaz is not eligible for a sentence reduction under Section 3582. *See United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009) ("[Defendant] is ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum . . . .").

The Court denies Diaz's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: New York, New York
      June 4, 2018

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge